### LANESBOROUGH AND NEW ASHFORD.

Where a town and district, or two towns, are united, by an act of the legislature, for the purpose of electing representatives, the certificate of a member must be signed by a majority of the selectmen of both, or it will be void :—If, in such case, it be proved, that the selectmen of one improperly refused to sign the certificate, the house has power, by the general provision of the stat. 1795, c. 55, § 1, to give validity to any certificate, which shall be " to their acceptance."

THE committee on the returns, having reported that the return from Lanesborough and New Ashford was certified by the selectmen of the latter town only :[1] it was thereupon ordered, that the committee on elections inquire into the propriety and regularity of the said return, and examine the law by which those towns are authorized to send representatives. The committee were also directed to notify the member purporting to be returned, to attend them in the investigation of the subject.[2] A petition of the town of Lanesborough, against the said election, was also received, and referred to the committee.[3]

On the twenty-seventh of June, the committee reported the following statement of facts[4] :—

" The town of Lanesborough was an incorporated town previous to the adoption of the constitution, and, of course, by the provision of that instrument, was entitled to send a representative to the general court. New Ashford was erected into a district in the year 1781, and was invested with all the rights of an incorporated town, ' that of sending a member to the general assembly only excepted,' but liberty was given them to join with Lanesborough for that purpose.

Without expressing their full opinion of the operation of this annexation, the committee will only say, that in their view, a new corporation for the purpose of sending a representative was thereby created, formed of two which in every other view were perfectly distinct: and although Lanesborough might retain its sole right under the constitution of sending a member, in case New Ashford refused to co-operate

[1] 32 J. H. 40.      [2] Same, 63.      [3] Same, 103.      [4] Same, 165.

with them for that purpose ; yet when it did co-operate, there can be no doubt, that the two political bodies became blended, and formed into one, for the purpose of choosing a representative.   The question then arises, how, under the statute of February 24, 1796, entitled ' an act regulating elections,' is the return of a member, chosen by this new corporate body, to be certified ?   Provision is therein made, that, in every corporate town, the selectmen, or the major part of them, shall call meetings, shall preside, and make return of the members elected.   If, then, for the purpose of choosing a representative, Lanesborough and New Ashford are to be considered as one corporate body, it would follow, of course, that a return, in order to be according to the forms of the above mentioned statute, must be signed by a major part of the selectmen of the two component parts of the corporation mingled and formed into one, for the single purpose of choosing a representative.

It may here be asked, whether, in case a member were fairly and legally chosen, and the selectmen of Lanesborough refused to sign his certificate, what remedy could he have ?   To this it may be answered, that if proof were given of such refusal, the legislature are by the statute above cited invested with discretionary powers, to give validity to any certificate which ' should be to their acceptance.'   Of course they have all the necessary powers, to correct any improper proceeding, on the part of selectmen.

In judging on the face of the return, the committee can have no hesitancy in saying, that it is insufficient because signed only by the three selectmen of New Ashford, who do not form a majority of the selectmen of the corporations of Lanesborough and New Ashford.   But, if proof were to be offered, that the selectmen of Lanesborough had improperly refused to sign, it would be in the power of the legislature, under their general discretionary powers, imparted by the above recited act, to give to it validity and efficiency.   And the committee would observe, that a petition against the seat of the sitting member has already been committed to them, and, on a hear-

ing of that petition, they should be better enabled to judge of the case. Under these circumstances, they submit it to the house to decide as to them may seem proper."

The report was agreed to, and, on the twenty-seventh of January, in the next session, a motion was made, that the house do vote the seat of the member from Lanesborough and New Ashford, to be vacated. This motion was subsequently taken up, and after debate thereon, the following vote was passed, namely:[1]—

"It appearing by the report of the committee on elections, made at the last session, that the certificate produced by the sitting member from Lanesborough and New Ashford was insufficient, therefore,

Resolved, That the seat of the said member be declared vacated."